# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

IN RE:

STEVEN GENE JOHNSON

Cause No. CV 24-51-H-BMM

**ORDER**

Pending before the Court is a handwritten document filed by Steven Gene Johnson ("Johnson"). (Doc. 1.) Johnson asks the Court to confirm his "true identity" as "Northstar Steven Illuminautti" and grant him political asylum to the Netherlands. (*Id*. at 1.) Johnson explains that he has been battling the Montana Militia and fears for his life. (*Id*. at 1-2.) Johnson also requests that he be held on an immigration hold in Boulder, Montana, in order to prevent a potential assassination attempt. (*Id*. at 2-3.)

The Court is familiar with Johnson. Johnson previously filed a 28 U.S.C. § 2241 petition challenging his recent conviction for Assault on a Peace Officer in Montana's First Judicial District Court, Lewis and Clark County. *See Johnson v. U.S. District Court*, Cause No. CV-24-33-H-DWM, Amd. Pet. (filed May 24, 2024). Although Johnson had been found guilty following a jury trial in March of this year, he had not yet been sentenced. The Court dismissed without prejudice Johnson's petition due to Johnson's failure to exhaust his Montana state court claims and his inability to demonstrate special circumstances warranting this

1

Court's intervention in his state proceedings. *Johnson v. U.S. District Court*, Cause No. CV-24-33-H-DWM, Ord. (D. Mont. May 30, 2024).

In his present petition, Johnson explains that he was recently committed to the Montana Department of Corrections for a period of 5 years. (Doc. 1 at 2.) Johnson seems to believe this Court has the ability to "commute" his state sentence into an immigration sentence. (*Id.*) Out of an abundance of caution, the Court will construe Johnson's filing as a petition for habeas relief under 28 U.S.C. § 2254.

## I.      28 U.S.C. § 2254 Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; *see also* 28 U.S.C. § 1915A(B)(1), (2) (the court must dismiss a habeas petition of portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

As a preliminary matter, this Court lacks jurisdiction to act in the matter suggested by Johnson. Federal courts are courts of limited jurisdiction and possess only that power authorized by the United States Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this

Case 6:24-cv-00051-BMM   Document 2   Filed 08/06/24   Page 3 of 6

Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc*., 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co*., 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to intervene in and/or attempt to correct the sentence handed down by the Montana state district court.

Moreover, Johnson is advised that federal habeas relief is available only for a violation of federal constitutional rights. *See* 28 U.S.C. § 2254(a); *see also Middleton v. Cupp*, 768 F. 2d 1083, 1085 (9th Cir. 1985) (habeas relief unavailable for alleged error under state law). As his petition stands, Johnson has not identified a federal constitutional violation. To the extent that the claims contained in Johnson's petition could be construed as cognizable federal claims, they are currently unexhausted. There is no indication that the Montana state courts have considered the claims Johnson now presents.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.*, *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a

fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, *cert. denied*, 546 U.S. 818 (2005).

Johnson must present the same claims to the Montana state courts, in a procedurally appropriate manner, and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Johnson has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Johnson to return to this Court if and when he fully exhausts the claim relative to his current custody.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, a court must also decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Johnson has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Johnson's Petition (Doc. 1) is **DISMISSED without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is **DENIED**.

**DATED** this 6th day of August, 2024.

Brian Morris, Chief District Judge
United States District Court